FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 DEC -8 PM 3: 39

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLA J. SCHREIBER, | Case No. |
| Plaintiff, | 8:05 cv 537 |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| STATE OF NEBRASKA, and THE NEBRASKA STATE PATROL, | |
| Defendants. | |

Comes now the Plaintiff, Carla J. Schreiber, by and through her attorneys, and for her Complaint against the Defendants, the State of Nebraska and the Nebraska State Patrol alleges and states as follows:

## PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, costs and reasonable attorney fees, damages, and other appropriate relief, necessary to redress the Plaintiff's injuries suffered as a result of Defendant's discrimination

## JURISDICTION

2. This employment discrimination and retaliation lawsuit is brought against the State of Nebraska and the Nebraska State Patrol under the Civil Rights Act of 1964, as amended 42 U.S.C. §§2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, Title 29 U.S.C. §621, et seq. (ADEA); and this Courts pendent jurisdiction over state claims.

3. This court has subject matter jurisdiction over the Title VII claim under 28 U.S.C. §§1331 and 1343, because it arises under the laws of the United States and is

1

PDF created with pdfFactory trial version www.pdffactory.com

brought to recover damages for deprivation of equal rights.

4. This Court has subject matter jurisdiction over the claim under the Age Discrimination in Employment Act of 1967 under 28 U.S.C. §§1331 and 1343, because it arises under the laws of the United States and is brought to recover damages for the deprivation of equal rights.

5. This Court has supplemental subject matter jurisdiction over the claims of Plaintiff under Neb. Rev. Stat. §48-1004(3) (Unjust Discrimination in Employment Because of Age) and Neb. Rev. Stat. §§48-1104 and 48-1114 of the Nebraska Fair Employment Practice Act, such supplemental jurisdiction existing under 28 U.S.C. §1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Costs and attorney fees may be awarded pursuant to Neb. Rev. Stat. §§48-1001 et. seq., 42 U.S.C. §§ 1988 and Fed.R.Civ.P. 54.

## VENUE

7. This action properly lies in the District of Nebraska as at all times relevant hereto, Carla J. Schreiber, was a resident of Nebraska, and the Defendant, State of Nebraska, Nebraska State Patrol are residents of Nebraska.

## ADMINISTRATIVE PREREQUISITES

8. On or about August 30th, 2004, the Plaintiff filed a timely charge of sex and age discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) complaining of the unlawful actions

2

described herein.

9. On or about November 29th, 2004, the Plaintiff filed a timely charge of discrimination and retaliation, supplementing the prior charges filed, with the NEOC and the EEOC complaining of the unlawful actions described herein.

10. Plaintiff's charges of discrimination against the Defendant were filed with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission within 300 days of the Defendant's unlawful actions.

11. The Nebraska Equal Opportunity Director rendered a decision on September 15, 2005, received by the Plaintiff on September 22, 2005, on the filed Title VII and Neb. Rev. Stat. §§48-1104 and 48-1114, with regard to the sex discrimination and retaliation charge. The Nebraska Equal Opportunity Commission rendered a decision on September 15, 2005 which was received by the Plaintiff on September 22nd, 2005 on the ADEA §29 U.S.C. §621, et seq and Neb. Rev. Stat. §48-1104(3) charges. Notice of the filing of this federal lawsuit has been provided to the Nebraska Equal Opportunity Commission. A right to sue letter from the Nebraska Equal Opportunity Commission dated September 15, 2005 with regard to the sex discrimination charge was received by the Plaintiff on September 22, 2005. Plaintiff has requested a right to sue letter on the age and retaliation charges. This lawsuit is filed within ninety days of the Plaintiff's receipt of the Right to Sue Letter. Plaintiff will supplement her complaint with the Right to Sue Letters from the EEOC upon receipt thereof.

## PARTIES

12. Plaintiff, Carla J. Schreiber is a female resident of the State of Nebraska and

PDF created with pdfFactory trial version www.pdffactory.com

is an employee of the State of Nebraska and the Nebraska State Patrol; her date of birth is November 1, 1960. Plaintiff is a "person" within the meaning of § 630 (6) of the ADEA and within the meaning of Neb. Rev. Stat. § 48-1002(1), being over forty years of age.

13. Defendant, State of Nebraska, is a governmental sovereign, consisting of three branches of government, including an executive branch, which appoints state patrolmen.

14. The Nebraska State Patrol is an agency of the State of Nebraska, which employs patrolmen who have those duties specified in Neb. Rev. Stat. §81-2001 to §81-2007.

15. Defendant, State of Nebraska, Nebraska State Patrol is a "employer" within the meaning of Title VII, and within the meaning of Neb. Rev. Stat. § 48-1102 (2), having over 15 employees.

16. Defendant, State of Nebraska, Nebraska State Patrol is a "employer" within the meaning of § 630 (b) of the ADEA, and within the meaning of Neb. Rev. Stat. § 48-1002 (2), having over 20 employees.

17. All the discriminatory employment practices alleged herein were committed within the State of Nebraska.

## FACTS

18. Plaintiff began her employment as a Nebraska State Patrolman recruit on or about September 1, 1990 when she was first selected to participate in training recruit camp. She graduated from such camp on or about December 21, 1990 and was sworn in as a Nebraska State Patrolman and appointed a State Deputy Sheriff by the Governor on

4

PDF created with pdfFactory trial version www.pdffactory.com

December 21, 1990. At the time of her employment she possessed an Associates Degree of Applied Science in Accounting and Business Administration.

19.     Plaintiff began her employment with the Nebraska State Patrol in the traffic division in January of 1991. She continued to work in traffic services until approximately July 5th, 1994 when she was assigned to the investigative services, drug division, Rural Apprehension Program, as a drug investigator.

20.     In 1996, Plaintiff received her Bachelor of Arts Degree in Organizational Management and on October 1, 1996 was transferred to the criminal division of investigative services as a criminal investigator. She also received polygraph training in 1997, and became a qualified polygraph examiner. In addition, in 1998 she became a certified Scientific Content Analysis instructor for the Laboratory for Scientific Interrogation and teaches courses to civilian, military, and law enforcement throughout the United States and foreign countries.

21.     On May 4, 1999, Plaintiff was promoted to the rank of sergeant in the traffic division of the Nebraska State Patrol, supervising traffic troopers in Troop B. She earned her Masters of Arts Degree in Management in 2002. She continued to serve as a traffic sergeant until January 8, 2005. She also served a term on the board of directors for the State Troopers Association as a Troop B labor representative for sergeants and troopers. She passed a qualifying exam established by her employer to be on the lieutenant promotion list on two separate occasions.

22.     There had only been one other female promoted to traffic services lieutenant prior to June 1st, 2005. There has never been a female promoted to an investigative

PDF created with pdfFactory trial version www.pdffactory.com

services sergeant or lieutenant position until Plaintiff backfilled a sergeant position on January 8th, 2005 that was vacated by the promotion of a male officer to the Troop B lieutenant position of investigative services initially sought by Plaintiff.

23. On or about April 4th, 2004, Plaintiff applied for a position as a Traffic Services Lieutenant in Troop B with the Nebraska State Patrol. She was competing against two other male applicants for the Troop B position. Such male applicants were less qualified than the Plaintiff for such traffic service position based on her overall qualifications and education.

24. On May 14, 2004, Defendant hired a younger less qualified male employee for the position of Traffic Services Lieutenant in Troop B in the Nebraska State Patrol

26. Plaintiff's sex and age were motivating factors in Defendant's decision not to hire the Plaintiff for the position of Traffic Services Lieutenant in Troop B in the Nebraska State Patrol.

26. On or about June 4th, 2004, Plaintiff applied for a position as a Lieutenant in Troop B in the Investigative Services Division. She and another male applicant interviewed for the position. She was informed on August 3, 2004 that she was not selected for the position, and that the position was not going to be filled, even though she was qualified by her knowledge, skills , education, experience and ability to serve in such position.

27. On or about September 27, 2004, the Nebraska State Patrol announced it had "reopened" the lieutenant position in Troop B Investigative Services Division. Plaintiff had just retaken the lieutenant's exam again to continue to be eligible for promotion.

6

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff reapplied for the lieutenant position in investigative services in Troop B, and was the only female applicant.

28.  Defendant hired a younger less qualified male employee for the position of Lieutenant in Troop B Investigative Services Division. He had just become eligible to take the lieutenant's exam, and was not eligible for promotion when the lieutenant position was previously vacant in June of 2004.

29.  Plaintiff's sex and age were motivating factors in Defendant's decision not to hire the Plaintiff for the position of Lieutenant in Troop B Investigative Services Division.

30.  Plaintiff filed charges of discrimination with the EEOC/NEOC on or about August 30, 2004. Plaintiff's filing of these charges on August 30th, 2004 triggered certain actions being taken against her of a retaliatory nature wherein she was treated differently from her male counterparts with respect to her activities, appearances, and work performance. More specifically, the Defendants raised policy issues with her regarding her hair length or style; challenging her truthfulness; scrutinized her community program requests, denying her flextime requests and days off, and denying her timely access to promotional study materials, the purpose of which was retaliation for filing the EEOC charge and to affect her promotional status for future promotional opportunities.

31.  Plaintiff, upon information and belief, has been "blacklisted" from further promotion by the Nebraska State Patrol because other command staff have become aware of her allegations that the Patrol promotional system is subjective, discriminatory, and biased in its application and disparate, and in turn the Patrol has provided superficial, pretextual reasons to justify her non-promotion and continued to not promote her to

PDF created with pdfFactory trial version www.pdffactory.com

positions she was qualified for within the Agency as a lieutenant.

32. Certain divisions within the Nebraska State Patrol have not promoted women or otherwise have not encouraged women candidates to apply for such positions because a "glass ceiling" exists in certain divisions or positions for women candidates. Investigative Services is one of those divisions.

33. As a result of the Defendants discrimination and retaliation, Plaintiff has lost income in the form of an automatic (11.5%) eleven and one-half percent increase in her base pay from a sergeant to a lieutenant position and other employment- related benefits. Her base pay in 2004 as a sergeant was $4,238.00 monthly until July 1st, 2005 and then increased to $4,550.00 monthly.

34. As a result of the Defendants discrimination and retaliation, Plaintiff has suffered substantial harm to her reputation in the law enforcement community, adverse effects on her career, diminished earning capacity, and emotional harm, humiliation and distress.

### First Cause of Action:  Title VII

COMES NOW the Plaintiff and for her First Cause of Action hereby incorporates paragraphs 1 - 34 of her complaint as if fully set forth herein, and further states:

35. Pursuant to 42 U.S.C. §§ 2000e, the Plaintiff is a member of the protected class.

36. At all times relevant hereto, the Plaintiff was qualified for the position she held, and for those for which she applied, with the Defendant.

37. Plaintiff suffered an adverse employment action when the Defendant:

a. Denied her the position of Traffic Services Lieutenant on May 14, 2004 and

PDF created with pdfFactory trial version www.pdffactory.com

Lieutenant of Investigative Services Division in September 2004;

b. Provided her with less favorable terms and conditions of employment because of her gender;

c. Maintained a work environment that was hostile to Plaintiff because of her gender.

38. Defendant hired less qualified male employees than the Plaintiff for the vacant positions of Traffic Services Lieutenant and Lieutenant of Investigative Services Division. Plaintiff's sex was a motivating factor in the Defendant's decisions. Defendant's reasons for failing to promote the Plaintiff were pre-textual.

39. As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

40. The aforementioned acts of the Defendant based on Plaintiff's sex constitute unlawful discrimination against the Plaintiff in violation of the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq., as amended.

41. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, pain and suffering, and incurred attorney fees.

WHEREFORE, the Plaintiff prays for judgment under the Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq as amended, against Defendant, and in her favor upon her First Cause of Action for back pay and lost fringe benefits, compelled promotion, or front pay in lieu thereof; compensatory damages as allowed by law, costs, interest, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

PDF created with pdfFactory trial version www.pdffactory.com

## Second Cause of Action: ADEA

COMES NOW the Plaintiff and for her Second Cause of Action hereby incorporates paragraphs 1 - 41 of her complaint as if fully set forth herein, and further states:

42. Pursuant to 29 U.S.C. §§ 621-632, the Plaintiff is a member of the protected class of age.

43. At all times relevant hereto, the Plaintiff was qualified for each of the two positions advertised by the Defendant for which she applied, to wit: Traffic Services Lieutenant and Lieutenant of Investigative Services Division.

44. Plaintiff suffered an adverse employment action when the Defendant :

a. Failed to promote the Plaintiff to the positions of: Traffic Services Lieutenant and Lieutenant of Investigative Services Division;

b. Provided her with less favorable terms and conditions of employment because of her age;

c. Maintained a work environment that was hostile to the Plaintiff because of her age.

45. Defendant hired younger, less qualified, employees than the Plaintiff for the vacant positions of Traffic Services Lieutenant and Lieutenant of Investigative Services Division.

46. Plaintiff's age was a motivating factor in the Defendant's failure to promote the Plaintiff to the positions of: Traffic Services Lieutenant and Lieutenant of Investigative Services Division.

47. Defendant's reasons for failing to promote the Plaintiff were pre-textual.

48. As a result of the aforementioned acts of the Defendant, the Plaintiff has

PDF created with pdfFactory trial version www.pdffactory.com

suffered grievous harm. Such conduct by the Defendants constitutes a willful and reckless violation.

49. The aforementioned acts of the Defendant based on Plaintiff's age constitute unlawful discrimination against the Plaintiff because of her age in violation of the provisions of the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., and in conjunction therewith, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq.

50. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, and has incurred attorney fees.

WHEREFORE, the Plaintiff prays for judgment under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., against Defendant, and in her favor upon her Second Cause of Action for back pay and lost fringe benefits, compelled promotion, or front pay in lieu thereof; compensatory and liquidated damages as allowed by law, costs, interest, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### Third Cause of Action: Retaliation

COMES NOW the Plaintiff and for her Third Cause of Action hereby incorporates paragraphs 1 - 50 of her complaint as if fully set forth herein, and further states:

51. Plaintiff engaged in a protected activity when she filed her EEOC and NEOC charges.

52. Plaintiff suffered an adverse employment action when she was:

    a. Denied promotions and promotional opportunities;

    b. Provided with less favorable terms and conditions of employment because of her gender, age, and her protected anti-discrimination

PDF created with pdfFactory trial version www.pdffactory.com

activities;

c. Subjected to a work environment that was hostile to the Plaintiff because of her protected anti-discrimination activities.

53. A causal connection existed between participation in the protected activity and the adverse employment action.

54. As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

55. The aforementioned acts of the Defendant constitute retaliation and are in violation of the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq., as amended and the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. .

56. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, incurred attorney fees, and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment under the Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq as amended, and Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. against Defendant, and in her favor upon her Third Cause of Action for back pay and lost fringe benefits, compelled promotion, or front pay in lieu thereof; compensatory and liquidated damages as allowed by law, costs, interest, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### Fourth Cause of Action:
### Nebraska Act Prohibiting Unjust Discrimination Because of Age

COMES NOW the Plaintiff and for her Fourth Cause of Action hereby incorporates

12

PDF created with pdfFactory trial version www.pdffactory.com

paragraphs 1 - 56 of her complaint as if fully set forth herein, and further states:

57.  The actions of the Defendant, as hereinbefore set forth, constitute a violation of Neb. Rev. Stat. 48-1001 et. seq., the Unjust Discrimination in Employment Because of Age Act.

58.  Pursuant to Neb. Rev. Stat. 48-1001 et. seq., the Plaintiff is a member of the protected class of age.

59.  At all times relevant hereto, the Plaintiff was qualified for each of the two positions advertised by the Defendant for which she applied, to wit: Traffic Services Lieutenant and Lieutenant of Investigative Services Division.

60.  Plaintiff suffered an adverse employment action when the Defendant:

a.  Failed to promote the Plaintiff to the positions of: Traffic Services Lieutenant and Lieutenant of Investigative Services Division;

b.  Provided her with less favorable terms and conditions of employment because of her age and her protected anti-discrimination activities;

c.  Subjected her to a work environment that was hostile to Plaintiff because of her protected anti-discrimination activities.

61.  Defendant hired younger less qualified employees than the Plaintiff for the vacant positions of Traffic Services Lieutenant and Lieutenant of Investigative Services Division.

62.  Plaintiff's age was a motivating factor in the Defendant's failure to promote the Plaintiff to Traffic Services Lieutenant and Lieutenant of Investigative Services Division

63.  Defendant's reasons for failing to promote the Plaintiff were pre-textual.

64.  The aforementioned acts of the Defendant were based on Plaintiff's age.

13

PDF created with pdfFactory trial version www.pdffactory.com

65. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, loss of enjoyment of life, paint and suffering, inconvenience, and incurred attorney fees.

WHEREFORE, the Plaintiff prays for judgment under Neb. Rev. Stat 48-1001 et. seq., against Defendant renewing her prayer upon the foregoing Cause of Action and prays for judgment in her favor upon the Fourth Cause of Action for back pay and lost fringe benefits, damages as allowed by law, compelled promotion, or front pay in lieu thereof, double or treble damages allowed by law, costs, interest and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION
### NEBRASKA FAIR EMPLOYMENT PRACTICE ACT

COMES NOW the Plaintiff and for her Fifth Cause of Action hereby incorporates paragraphs 1 - 65 of her complaint as if fully set forth herein, and further states:

66. The actions of the Defendant, as hereinbefore set forth, constitute a violation of Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act.

67. Pursuant to Neb. Rev. Stat. 48-1101 et. seq., the Plaintiff is a member of the protected class.

68. At all times relevant hereto, the Plaintiff was qualified for the position which she held, and for which she applied, with the Defendant.

69. Plaintiff suffered an adverse employment action when the Defendant:

a. Denied her the position of Traffic Services Lieutenant on May 14, 2004 and Lieutenant of Investigative Services Division in September 2004;

b. Provided her with less favorable terms and conditions of employment

PDF created with pdfFactory trial version www.pdffactory.com

because of her gender;

c. Subjected her to a work environment that was hostile to Plaintiff because of her gender.

70. Plaintiff's sex was a motivating factor in the Defendant's decisions. Defendant's reasons for failing to promote the Plaintiff were pre-textual.

71. As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

72. The aforementioned acts of the Defendant based on Plaintiff's sex constitute unlawful discrimination against the Plaintiff in violation of the provisions of the Nebraska Fair Employment Practices Act.

73. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, pain and suffering, and incurred attorney fees.

WHEREFORE, the Plaintiff prays for judgment under Neb. Rev. Stat. § 48-1101 et. seq., against Defendant, and in her favor upon her Fifth Cause of Action for back pay and lost fringe benefits, compelled promotion, or front pay in lieu thereof; compensatory damages as allowed by law, costs, interest, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION
### NEBRASKA FAIR EMPLOYMENT PRACTICE ACT

COMES NOW the Plaintiff and for her Sixth Cause of Action hereby incorporates paragraphs 1 - 73 her complaint as if fully set forth herein, and further states:

74. The actions of the Defendant, as hereinbefore set forth, constitute a violation of Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act and Neb.

PDF created with pdfFactory trial version www.pdffactory.com

Rev. Stat §48-1001 et. seq., the Unjust Discrimination in Employment Because of Age Act.

75. Plaintiff engaged in a protected activity when she filed her EEOC and NEOC charges.

76. Plaintiff suffered an adverse employment action when the Defendant:

a. Denied her promotions and promotional opportunities;

b. Provided her with less favorable terms and conditions of employment because of her gender, age and protected activities;

c. Subjected her to a work environment that was hostile to the Plaintiff because of her age, gender and protected activities.

77. A causal connection existed between participation in the protected activity and the adverse employment action.

78. As a result of the aforementioned acts of the Defendant, the Plaintiff has suffered grievous harm.

79. The aforementioned acts of the Defendant constitute retaliation and are in violation of the provisions of Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act and Neb. Rev. Stat §48-1001 et. seq., the Unjust Discrimination in Employment Because of Age Act.

80. As a proximate result of the Defendant's actions, Plaintiff has suffered lost wages, lost benefits, emotional distress, loss of enjoyment of life, inconvenience, incurred attorney fees, and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment under Neb. Rev. Stat. 48-1101 et. seq., the Nebraska Fair Employment Practice Act and Neb. Rev. Stat §48-1001 et. seq., the Unjust Discrimination in Employment Because of Age Act. against Defendant, and in

PDF created with pdfFactory trial version www.pdffactory.com

her favor upon her Sixth Cause of Action for back pay and lost fringe benefits, compelled promotion, or front pay in lieu thereof; compensatory and liquidated damages as allowed by law, double or treble damages allowed by law, costs, interest, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant, renews her prayer upon the foregoing Causes of Action and prays for judgment in her favor upon her Causes of Action for back pay and lost fringe benefits, compensatory damages as allowed by law, compelled promotion, or front pay in lieu thereof, liquidated damages where allowed by law, double and treble damages where allowed by law, interest, costs, and reasonable attorney's fees incurred herein, and such other and further relief as the Court deems just and proper.

17

PDF created with pdfFactory trial version www.pdffactory.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury in Omaha, Nebraska.

Dated this 8th day of December, 2005.

CARLA J. SCHREIBER, Plaintiff,

By S/VINCENT VALENTINO
Vincent Valentino, #14288
ANGLE, MURPHY, VALENTINO
   & CAMPBELL, P.C.
617 Grant Avenue
P.O. Box 584
York, NE 68467
(402) 362-7725

and
Terri Weeks #18349
Bowman and Krieger
1045 Lincoln Mall, Ste. 100
Lincoln, NE 68508
(402) 476-8005

18

PDF created with pdfFactory trial version www.pdffactory.com