IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | CASE NO. 8:05CV537 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, and THE NEBRASKA STATE PATROL, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion to Dismiss (Filing No. 13). The Defendants, the State of Nebraska and the Nebraska State Patrol, seek dismissal of the Plaintiff's state law claims on the basis that the Defendants have not waived their sovereign immunity from such suits under the Eleventh Amendment of the United States Constitution. For the reasons stated below, the Defendants' motion will be granted.

**FACTS**

In 2004, the Plaintiff, Carla J. Schreiber, an employee of the Nebraska State Patrol, applied for promotions that she did not receive. (Amended Complaint, Filing No. 12, ¶¶ 22-27). Schreiber concluded that her age and her sex were motivating factors in the Defendants' decision not to promote her to the positions she sought, and she filed charges of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶¶ 24, 27, 28). After Schreiber filed the charges, the Defendants allegedly retaliated against her and "blacklisted" her from further promotion. (*Id.* ¶¶ 28-29).

After exhausting her remedies through the NEOC and EEOC, Schreiber filed this action, seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e; the Nebraska Act Prohibiting Unjust Discrimination Because of Age, Neb. Rev. Stat. § 48-

1001 *et seq.* (Reissue 2004)("Age Discrimination Act"); and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 *et seq.* (Reissue 2004)("NFEPA").  The Defendants moved to dismiss Schreiber's state law claims under Fed. R. Civ. P. 12(b)(1), on the basis that the Defendants have not waived their Eleventh Amendment immunity from suit in federal court with respect to those claims.  Schreiber submitted a brief in opposition to the motion, and evidentiary materials in support of her position that this Court does have jurisdiction over the state law claims.  (Filings No. 15-1, 15-2 and 15-3).

## STANDARD OF REVIEW

At issue in a 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  The plaintiff has the burden of proving that jurisdiction does in fact exist.  *Id.*  A district court has the authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1), but disputed issues of material fact will not prevent the court from deciding for itself the merits of jurisdictional claims.  *Id.* at 728-29. The submission of evidentiary materials in connection with a 12(b)(1) motion does not convert the motion to one for summary judgment under Rule 56.  *Id.* at 729.

## DISCUSSION

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens of any foreign State." U.S. Const. amend. XI.  The Eleventh Amendment provides states, and state agencies, with immunity not only from suits brought by citizens of other states, but also from suits

brought by their own citizens.  *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003), citing *Hadley v. North Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), and *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

"To waive sovereign immunity, a state must make a clear, unequivocal statement that it wishes to do so." *Faibisch v. University of Minnesota*, 304 F.3d 797, 800 (8th Cir. 2002), citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985).  "A state's interest in sovereign immunity pertains not only to whether it may be sued but also to where it may be sued."  *Id.*, citing *Atascadero*, 473 U.S. at 241, and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  A state must specify any intention to subject itself to suit in federal court.  *Atascadero*, 473 U.S. at 241.  The power of federal courts to exercise supplementary jurisdiction over pendent state claims does not override a state's sovereign immunity under the Eleventh Amendment.  *Pennhurst,* 465 U.S. at 120-21.

Although Schreiber submitted evidentiary materials in opposition to the Defendants' motion, it does not appear that there are disputed issues of material fact affecting the question of the Court's subject matter jurisdiction.  Consequently, this Court's task is to determine, as a matter of law, whether the Defendants have waived their sovereign immunity from suit in federal court with respect to Schreiber's state law claims.

### *Byrne Grant Funding*

Schreiber contends that the Defendants have waived their sovereign immunity by receiving federal funds through the Edward Byrne Memorial State and Local Law

Enforcement Assistance Grant Program, administered by the Bureau of Justice Assistance of the U.S. Department of Justice.  Schreiber notes that 42 U.S.C. § 3789d(c)(1) provides:

> No person in any State shall on the ground of race, color, religion, national origin, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under or denied employment in connection with any programs or activity funded in whole or in part with funds made available under this chapter [governing Bureau of Justice Assistance grant programs].

While the Defendants' receipt of Byrne Grant funds may well subject the Defendants to suit in federal court for a violation of 42 U.S.C. § 3789d(c)(1), there is nothing in that section or related statutes from which one can infer that the receipt of Byrne Grant funds creates a blanket waiver of the Defendants' immunity from suit in federal court for alleged violations of state statutes.

*Age Discrimination Act*

Under Nebraska's Age Discrimination Act, the "state, governmental agencies, and political subdivisions may be sued upon claims arising under the Act . . . in the same manner as provided by such act for suits against other employers."  Neb. Rev. Stat. § 48-1010 (Reissue 2004).  The Age Discrimination Act permits an aggrieved person to bring a civil action "in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of [the Act]."  Neb. Rev. Stat. § 48-1008 (Reissue 2004).

A state statute permitting an aggrieved person to bring a civil action against the state in "any court of competent jurisdiction" is not sufficient to waive the state's sovereign immunity to suits in federal court.  *Faibisch,* 304 F.3d at 800, citing *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999), and *Kennecott Copper Corp. v. State Tax Comm'n,* 327 U.S. 573, 577-79 (1946).  Because the

4

state of Nebraska has not consented to suit in federal court under the Age Discrimination Act, Schreiber's claims in her Third and Fifth Cause of Action based on alleged violation of the Age Discrimination Act are barred in this Court.

<u>NFEPA</u>

NFEPA provides that the "state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." Neb. Rev. Stat. § 48-1126 (Reissue 2004). The manner in which suits may be brought against other employers under NFEPA is set forth in Neb. Rev. Stat. § 48-1119(4)(Reissue 2004): "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of section 48-1104 [prohibiting employment discrimination based on sex] or 48-1114 [prohibiting employers from retaliating against employees who oppose unlawful practices] may, at any stage of the proceedings prior to dismissal [by the NEOC], file an action directly in the district court of the county where such alleged violation occurred."

Schreiber notes that other judges of this Court have taken supplemental jurisdiction over NFEPA claims. *Metz v. ACI Worldwide, Inc.*, 2002 WL 2005719 (D. Neb., Bataillon, J.), and *Hassler v. Alegent Health,* 198 F. Supp. 2d 1108 (D. Neb. 2002, Kopf, J.). In those cases, however, the issue of Eleventh Amendment immunity from suit in federal court was not addressed because the defendants were *private* employers. In *Wright v. Nebraska Health and Human Services,* 2005 WL 1331158 (D. Neb., Bataillon, J.), Eleventh Amendment immunity was asserted by the state agency defendant, and the Court granted the defendant's motion to dismiss the plaintiff's claims under both NFEPA and Nebraska's

Age Discrimination Act, leaving only the plaintiff's Title VII claim pending for resolution in federal court.

Because the state of Nebraska has not consented to suit in federal court under NFEPA, Schreiber's claims in her Fourth and Fifth Causes of Action based on alleged violations of NFEPA are barred in this Court.

### CONCLUSION

While Schreiber's arguments regarding judicial economy and the convenience of the parties are well-taken, the Defendants have not waived their sovereign immunity from suit under the Eleventh Amendment with respect to her state law causes of action, and those causes of action are barred in this Court under the Eleventh Amendment of the United States Constitution.

IT IS ORDERED:

1. The Defendants' Motion to Dismiss (Filing No. 13) is granted;
2. The Plaintiff's Third, Fourth and Fifth Causes of Action are dismissed, without prejudice;
3. This action will proceed on the Plaintiff's First and Second Causes of Action; and
4. The Defendants will file their Answer to the Plaintiff's First and Second Causes of Action within ten days of the date of this order.

Dated this 28th day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge