IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLA J. SCHREIBER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF NEBRASKA and )<br>NEBRASKA STATE PATROL, )<br>)<br>Defendants. ) | 8:05CV537<br><br>ORDER |

This matter is before the court on plaintiff's MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT [48]. Having considered the parties' written submissions, I find that the motion should be denied.

Plaintiff's SECOND AMENDED COMPLAINT [24] alleges "disparate treatment" causes of action for sex and age discrimination. Plaintiff now wishes to further amend the complaint to allege, *inter alia*, a new cause of action under Title VII for "disparate impact." Plaintiff's motion was filed nearly four months after the deadline for amending the pleadings expired and less than one month before the close of discovery. Not surprisingly, the defendants object to the proposed amendments on grounds of timeliness and unfair prejudice.

> Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 907-908 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)). Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). "There is no

> absolute right to amend." *Id.* (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994)).
>
> .... "[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved." *Bell*, 160 F.3d at 454.

*Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840-41 (8th Cir. 2004).  The court does not believe that plaintiff filed this motion bad faith or with any dilatory motive; however, the issue of undue prejudice is of substantial concern in this instance.

In her reply brief [55], plaintiff states that the defendants were already on notice of her proposed disparate impact claim, based on certain allegations in the Second Amended Complaint.  Plaintiff contends that the allegations of her Amended Complaints and the discovery thus far completed would support such claims and discovery on the proposed "disparate impact" theory has been ongoing.  While the plaintiff concludes that the defendants will not suffer any prejudice if the amendment is allowed, "the perception of prejudice, like beauty, is largely in the eyes of the beholder."  *Lugino's, Inc. v. Pezrow Companies, Inc.*,  178 F.R.D. 523, 525 (D. Minn. 1998).

As the defendants comment in their brief [53], the nature of a disparate impact claim differs significantly from that of a disparate treatment claim as to both substance and proof.  The Supreme Court acknowledged that point in conjunction with a claim under the Americans with Disabilities Act:  "Because 'the factual issues, and therefore the character of the evidence presented, differ when the plaintiff claims that a facially neutral employment policy has a discriminatory impact on protected classes,' *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252, n.5 (1981), courts must be careful to distinguish between these theories."  *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003)

(parallel citations omitted).  *Cf. Cardenas v. AT&T Corp.*, 245 F.3d 994, 1000 (8th Cir. 2001): "[A]llegations that an employer's general practices and procedures have an adverse effect on minority promotions, though highly relevant to disparate impact claims, cannot support a claim of discrimination based on a disparate treatment theory."

It appears that the plaintiff was, herself, on notice of the potential for asserting a disparate impact claim the last time she was allowed to amend her complaint.  The court can only conclude that there is no good reason why the plaintiff could not have filed this motion much earlier in the litigation.  Under the circumstances, I find that the plaintiff's motion was not timely filed, the plaintiff has not shown good cause for filing the motion out of time, and amending the complaint as requested, at this late stage, would be unfairly prejudicial to the defendants.  For these reasons,

**IT IS ORDERED** that plaintiff's Motion for Leave to File a Third Amended Complaint [48] is denied.

**DATED October 24, 2006.**

> **BY THE COURT:**
>
> s/ F.A. Gossett
> **United States Magistrate Judge**