IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CARLA J. SCHREIBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:05CV537** |
| vs. | ) | |
| | ) | **ORDER** |
| **STATE OF NEBRASKA and THE** | ) | |
| **NEBRASKA STATE PATROL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on plaintiff's MOTION TO COMPEL DISCOVERY [56]. The movant has complied with NECivR 7.1(i). Having considered all parties' written submissions, I find that the motion should be granted.

This motion pertains to plaintiff's document requests Nos. 28, 29, 30 and 31.[1]

---

[1] The requests provide:

REQUEST NO. 28: Please produce all documentation regarding the interviews or projects required of Darrell Fisher, Bill Hobbs and Brad Rice for the Administrative Services Major position and headquarters troop resulting in the promotion of Darrell Fisher on June 23, 2005. This would include all interview notes, project information provided to or from the candidates and any other written documentation for the evaluation, presentations, interview processes.

REQUEST NO. 29: Please produce all documentation regarding the interviews or projects required of Rhonda Lahm, Julie Maaske or Bradley Rice for the Administrative Services Major position headquarters troop resulting in the promotion of Rhonda Lahm on April 10, 2006. This would include all interview notes, project information provided to or from the candidates, and any other written documentation for the evaluation, presentations, and interview processes.

REQUEST NO. 30: Please produce all documentation regarding the interviews or projects required of Julie Maaske, Judy Bailey, Stacey Sharp, Kenneth Dahlke, John Shelton and David Sankey for the Administrative Services Captain position and headquarters troop resulting in the promotion of David Sankey on June 1, 2004. This would include all interview notes, project information provided to or from the candidates, and any other written documentation for the evaluation, presentations and their interview processes.

Defendants objection to Requests Nos. 28, 29 and 30 on grounds of relevance. Defendants advise at page 4 of their brief [62] that there are no documents, i.e., "rosters," responsive to Request No. 31.

The scope of discovery in federal civil actions is set out in Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(b)(1), the parties to a lawsuit obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has

---

REQUEST NO. 31: Please produce a copy of each of the Patrol Camp rosters in which female candidate officers participated in training to become troopers or carrier enforcement officers.

the burden to show the relevancy of the request.  *Id*.

In this case, the plaintiff's claims are based on the defendants' failure or refusal to promote her to the rank of Lieutenant on four occasions during 2004 and 2005.  Requests 28, 29 and 30 seek information about interviews conducted for positions higher than Lieutenant, and the plaintiff was not qualified to apply for those positions.  Nevertheless, as the district court observed in *Lyoch v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 62, 65 (E.D. Mo. 1995), the scope of discovery in an employment discrimination case "must go beyond the specifics of the plaintiff's claim."  In this case, as in *Lyoch*, the plaintiff alleges a pattern and practice of discrimination.  Although the plaintiff has not been allowed to file a third amended complaint raising a disparate impact claim, evidence of systemic discrimination is relevant to an individual disparate treatment claim.  Evidence relating to agency-wide practices "'may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive.'"  *Id.* at 66 (quoting *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990)).

I find that the defendants' relevancy objections should be overruled and the Motion to Compel granted as to Requests Nos. 28, 29 and 30.

As to Request No. 31, the court accepts counsel's representation that the defendants have no responsive "Patrol Camp rosters."  Defendants shall serve an amended response to Request No. 31 pursuant to Fed. R. Civ. P. 26(e), if they have not already done so.

**IT IS ORDERED** that plaintiff's MOTION TO COMPEL DISCOVERY [56] is granted in part, and denied in part, as follows:

1.  The motion is granted as to Document Requests Nos. Requests Nos. 28, 29 and 30. Defendants are given five (5) business days from the date of this order to produce documents responsive to these requests. All documents produced pursuant to this order shall be subject to the Protective Order [27] entered on May 12, 2006.

2.  The motion is denied as to Document Request No. 31. Defendants shall serve an amended response to Request No. 31 pursuant to Fed. R. Civ. P. 26(e), if they have not already done so.

**IT IS FURTHER ORDERED** that defendants' OBJECTION [65] to plaintiff's Reply Index [64] is denied as moot in light of Filings [66] and [67].

**DATED October 25, 2006.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**