IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:05CV537 |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEBRASKA and THE | ) | |
| NEBRASKA STATE PATROL, | ) | |
| | ) | |
| **Defendants.** | ) | |

   This matter is before the court on defendants' MOTION TO STAY PROGRESSION [83] and plaintiff's response thereto [88] & [89]. Defendants request a stay pending Judge Smith Camp's ruling on their motion for summary judgment. Having considered the parties' submissions, it appears that the matter is governed by the principles recently discussed by Magistrate Judge Thalken in *Dohse v. Potter*, No. 8:04CV355, 2006 WL 1314327 at *2 (D. Neb., May 11, 2006):

   Federal Rule of Civil Procedure 16(b) provides a progression order schedule shall not be modified except upon a showing of good cause. "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.' " *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)). "If the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

   The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see*

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." *Lockyer v. Mirant Corp.*, 398 F.3d at 1109; *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward.").

Discovery is closed and the parties have made their expert witness disclosures. Staying the case at this point would only provide an incentive to disrupt the January 9, 2007 trial date. In any event, the defendants have not shown good cause for staying the case.

**DATED October 30, 2006.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**