IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | CASE NO. 8:05CV537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | STATEMENT OF OBJECTION TO |
| vs. | ) | MAGISTRATE JUDGE'S ORDER |
| | ) | |
| STATE OF NEBRASKA, and THE | ) | |
| NEBRASKA STATE PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

Comes now the Plaintiff, by and through her attorneys, and pursuant to Fed. R. Civ. P. 72, hereby files a Statement of Objection to Magistrate Judge's Order, filing number 75, wherein the magistrate judge denied plaintiff the opportunity to file a third amended complaint in the above captioned matter.

Plaintiff objects to the following portions of the order:

1      As the defendants comment in their brief [53], the nature of a disparate impact claim differs significantly from that of a disparate treatment claim as to both substance and proof. (FN75, p. 2).

Plaintiff would object to this finding in light of the fact that evidence of systemic discriminatory promotional or "career path" practices, or discriminatory disciplinary practices by an employer for a protected class of employees is also relevant to individual disparate treatment claims. *Lams v. General Waterworks Corp.*, 766 F.2d 386, 392 (8th

1

PDF created with pdfFactory trial version www.pdffactory.com

Cir. 1985); cf. *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1309 (8th Cir. 1994); *See also, Breeding v. Arthur J. Gallagher*, 164 F.3d 1151, 1156 (8th Cir. 1999); *cf. Allen v. Interior Construction Services, Ltd.*, 214 F.3d 978, 982 (8th Cir. 2000).

Moreover, considerable discovery has been conducted with regard to a disparate impact theory in this matter including the employment of an expert in the area by the Defendant.   (FN 21; FN25; FN38; FN44; FN 77, E105, 106, 108, 110, 111, 112, 113 and 115; FN68, FN93,E7;E8), thus the Defendant is ready to defend a disparate impact claim in this case.

2.   It appears that the plaintiff, was, herself, on notice of the potential for asserting a disparate impact claim the last time she was allowed to amend her complaint.

While it is true that the Plaintiff had a notion that a disparate impact theory could possibly pled in this matter, she felt, in good faith, that discovery needed to be conducted on the issue before specifically pleading it as a separate cause of action.   As such she conducted discovery, in various forms, (Interrogatories; Request for Admissions; Depositions) to ascertain the likelihood that such a claim could be specifically pled in this matter.  However, due to various delays in discovery, it was not completed as timely as the Plaintiff would have liked.   Plaintiff had not been able to gather some of the necessary promotional documents to be evaluated until July 19, 2006. (FN42).  The Defendants had, in fact, destroyed other relevant promotional documents prior to January 1, 2002.  (FN42). Defendants continued to object to Plaintiff's efforts to gather other information regarding female officers and their promotional opportunities.  (FN56).  However, upon obtaining

2

PDF created with pdfFactory trial version www.pdffactory.com

sufficient information to all the Plaintiff in good faith to include a disparate impact cause of action in her complaint, Plaintiff filed a motion to amend her complaint.

3.  <u>The court can only conclude there is no good reason why the plaintiff could not have filed this motion much earlier in the litigation</u>.

The Plaintiff conducted discovery, in various forms, (see above) to ascertain the likelihood that such a claim could be specifically pled in this matter.  However, Defendant delayed the discovery process on many occasions, thus delaying her ability to file an amended complaint.  Plaintiff did not believe it was appropriate to plead a cause of action without first sufficiently investigating th likelihood of success on such a claim.  As soon as she had sufficient information to, in good faith, include this as a separate cause of action, Plaintiff filed a request to file an amended complaint.   This amendment was sought prior to the passing of the discovery deadline.

4  <u>Under the circumstances, I find that the plaintiff's motion was not timely filed, the plaintiff has not show good cause for filing the motion out of time, and amending the complaint as requested, at this late stage would be unfairly prejudicial to the defendants.</u>

As set forth above, the Plaintiff contends that she did "timely file" a request to file a Third Amended complaint.  Moreover, no prejudice to the Defendant can be shown in this matter.

The Defendants explored the issue with the Plaintiff at her deposition (FN 96, E209, 128:15-129:16).  Thus for Defendants to claim that they are not prepared for disparate impact evidence to be admitted during trial is simply unsupported by the record in this

3

case.   Furthermore, Defendants have, by retaining Dr. Peterson and disclosing his opinions, (FN  68; FN93) done exactly what they claimed in their Objection and Brief Opposing the Third Amended Complaint they couldn't do, i.e., obtain an expert of their own on the issue of disparate impact.  (FN53, Brief, pp. 4-5).  Defendant has also generated data compilations of promotions of males versus females from its Human Resources Commander, Sue Dedick (FN 71).

Other than a mere allegation of prejudice originally made in its response (FN53), the Defendant has not provided to this Court any evidence that prejudice will occur if the Plaintiff is allowed to file her proposed amended complaint.  In fact, Defendant already has developed its evidence to defend the claim.

5.    It is order that plaintiff motion for leave to file a their amended complaint (48) is denied.

It is clear that the Magistrate Judge erred when it denied Plaintiff the ability to file a third amended complaint in this matter.  Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" ***Becker v. Univ. of Nebraska at Omaha***, 191 F.3d 904, 907-908 (8th Cir. 1999) (quoting ***Brown v. Wallace***, 957 F.2d 564, 566 (8th Cir. 1992)).  Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown.  ***Bell v. Allstate Life Ins. Co.***, 160 F.3d 452, 454 (8th Cir. 1998);  ***Buder v. Merrill Lynch***, 644

4

PDF created with pdfFactory trial version www.pdffactory.com

F.2d 690 (8th Cir. 1981), **See also, Kim v. Nash Finch Co.**, 123 F.3d 1046 (8th Cir. 1997).

Other than a mere allegation of prejudice originally made in its response (FN53), the Defendant has not provided to this Court any evidence that prejudice will occur if the Plaintiff is allowed to file her proposed amended complaint.  In fact, Defendant already has developed its evidence to defend the claim.

## CONCLUSION

Based on the foregoing, the Plaintiff requests that the Magistrate Judge's Order denying the Plaintiff the opportunity to file a Third Amended Complaint in this matter (FN 75) be overturned, and the Plaintiff be given leave to file her Third Amended Complaint.

*CARLA J. SCHREIBER*
*Plaintiff*.

BY:  s/TERRI M. WEEKS
        Terri M. Weeks, #18349
        Bowman & Krieger Law Firm
        1045 Lincoln Mall
        Suite 100
        Lincoln, NE 68508
        (402) 476-8005

        AND

BY:  s/VINCENT VALENTINO
        Vincent Valentino, #14288
        ANGLE, MURPHY, VALENTINO
            & CAMPBELL, P.C.
        617 Grant Avenue
        P.O. Box 584
        York, NE 68467

5

PDF created with pdfFactory trial version www.pdffactory.com

**Certificate of Service**

The undersigned hereby certifies that on the 6TH day of November, 2006 the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Fredrick J. Coffman
Assistant Attorney General
2115 State Capitol
Lincoln, NE 68508

BY:  s/TERRI M. WEEKS
Terri M. Weeks, #18349

6

PDF created with pdfFactory trial version www.pdffactory.com