# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CARLA J. SCHREIBER,** | ) | **CASE NO. 8:05CV537** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, and** | ) | |
| **THE NEBRASKA STATE PATROL,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's "Statement of Objection to Magistrate Judge's Order" (Filing No. 97). That filing is construed as an appeal of Magistrate Judge Gossett's order of October 24, 2006 (Filing No. 75), denying the Plaintiff's motion for leave to file a third amended complaint (Filing No. 48).

On August 15, 2006, the Plaintiff, Carla J. Schreiber, sought leave to file a third amended complaint to add a cause of action based on the theory of "disparate impact" under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (Title VII). The Defendants, the State of Nebraska and the Nebraska State Patrol, opposed the motion, and Magistrate Judge Gossett issued an order denying the motion on October 24, 2006 (Filing No. 75). Schreiber filed a motion for reconsideration of that order on November 1, 2006 (Filing No. 94), and the "Statement of Objection" to the order on November 6, 2006 (Filing No. 97). Magistrate Judge Gossett denied Schreiber's motion for reconsideration on November 8, 2006 (Filing No. 100), and construed the "Statement of Objection" as an appeal of the October 24, 2006, order. I also construe it as such.

Under NECivR 72.2(a), a party may appeal a nondispositive order entered in a civil case by filing a "Statement of Appeal of Magistrate Judge's Order" within ten days after being served with the order. The party must specifically state the order or portion thereof

appealed from and the basis of the appeal, and must file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. Unless otherwise ordered, any opposing party may file a brief opposing the appeal within ten days of being served with the statement of appeal.

"The district judge to whom the case is assigned . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge will not modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof unless clearly erroneous or contrary to law." NECivR 72.2(c).

Having reviewed Schreiber's motion for leave to file a third amended complaint (Filing No. 48), her proposed Third Amended Complaint (Filing No. 49), the Defendants' brief in opposition (Filing No. 53), Schreiber's brief in support of her motion (Filing No. 55), Magistrate Judge Gossett's order denying Schreiber leave to file a third amended complaint (Filing No. 75), Schreiber's motion for reconsideration (Filing No. 94), her brief in support of that motion (Filing No. 95), her index of evidence in support of that motion (Filing No. 96), her statement of objection to Magistrate Judge Gossett's order (Filing No. 97), her brief in support of that objection (Filing No. 98, parts 1 and 2), the Defendants' brief in opposition to the motion for reconsideration (Filing No. 99), and Magistrate Judge Gossett's order denying Schreiber's motion for reconsideration, I conclude that Judge Gossett's order (Filing No. 75), denying Schreiber's motion to file a third amended complaint, was neither clearly erroneous nor contrary to law. Moreover, I concur with Magistrate Judge Gossett's reasoning and his conclusion. No further briefing on this issue

is warranted, and I order under NECivR 72.2(a) that no further briefs will be considered either in opposition to or in support of Filing No. 97.

IT IS ORDERED:

1. The Plaintiff's Statement of Objection to Magistrate Judge's Order (Filing No. 97) is denied; and

2. No further briefing either in opposition to or in support of Filing No. 97 will be considered.

Dated this 16th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge