IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CARLA J. SCHREIBER,** | ) | **CASE NO. 8:05CV537** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **STATE OF NEBRASKA, and** | ) | |
| **THE NEBRASKA STATE PATROL,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' "Motion for Leave to File Attachments Referenced in Exhibit 1 to Index of Evidence in Support of Defendants' Motion for Summary Judgment" (Filing No. 81) and the Plaintiff's "Objection" and "Motion to Strike Index of Evidence" (Filing No. 86).

The Defendants submitted a Motion for Summary Judgment on October 2, 2006 (Filing No. 69), accompanied by a brief (Filing No. 70) and index of evidence (Filing No. 71). The Plaintiff filed her responsive brief (Filing No. 76) and index of evidence (Filings No. 77 and 78) on October 24, 2006. The Plaintiff's brief noted that certain evidentiary attachments referred to in the Defendants' brief (Filing No. 70) and in the Affidavit of Frederick J. Coffman (Filing No. 71-1) were not in fact filed in the Court's electronic filing system. On October 25, 2006, the Defendants moved for leave to file the missing exhibits, stating that the failure to file the attachments was an inadvertent error and that the attachments consisted of deposition excerpts that were in the possession of the Plaintiff's lawyers and known to them. (Filing No. 81). The "missing" deposition excerpts now appear at Filing No. 82-1. The Plaintiff objected to the filing of the evidence and moved to strike it from the record, urging the Court strictly to enforce NECivR 7.1(2), which

requires the filing of evidentiary materials at the time of the filing of a supporting brief. (Filing No. 86).

It is true that strict compliance with the Court's rules, including its local rules, is expected. When an inadvertent filing error occurs, however, the Court may exercise a degree of discretion in deciding how to address the error. In this case, the Defendants' brief in support of their motion for summary judgment does contain a statement of material facts with pinpoint references to the materials relied upon, in compliance with NECivR56.1 (a)(1)-(2). Deposition testimony relied upon by the Defendants was cited by the name of the deponent, and the pages and lines of the deposition. Plaintiff's lawyers do not deny that they had copies of those depositions, nor do they indicate how their ability to respond to the Defendants' motion for summary judgment was impaired. It appears that the Defendants' error in failing to attach the deposition excerpts would have presented a handicap only to the Court in its review of the Defendants' motion for summary judgment. In an ideal case, such an error would have been brought to the attention of Defendants' counsel by Plaintiff's counsel when they first observed the error, and the need for expanded motion practice might have been avoided.

IT IS ORDERED:

1. The Defendants' Motion to File Attachments (Filing No. 81) is granted, and Filing 82-1 is accepted as part of the Defendants' index of evidence in support of their Motion for Summary Judgment;

2. The Plaintiff's Objection and Motion to Strike (Filing No. 86) is denied;

3.  The Plaintiff may (but is not required to) file either an amended brief in opposition to the Defendants' Motion for Summary Judgment or a sur-reply brief on or before November 27, 2006; and

4.  If the Plaintiff does file an amended brief in opposition to the Defendants' Motion for Summary Judgment, no further reply brief may be filed by the Defendants.

Dated this 16th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge