IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | CASE NO. 8:05CV537 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, and | ) | |
| THE NEBRASKA STATE PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Summary Judgment (Filing No. 69). The Defendants submitted briefs (Filing Nos. 70 and 92) and indexes of evidence (Filing Nos. 71, 82 and 93) in support of the motion, and the Plaintiff submitted a brief (Filing No. 76) and indexes of evidence (Filing Nos. 77–78) in opposition. Because genuine issues of material fact remain, the Defendants' motion will be denied.

## FACTUAL BACKGROUND

In 2004, the Plaintiff, Carla J. Schreiber, an employee of the Nebraska State Patrol holding the rank of sergeant, applied for promotions to the rank of lieutenant, but was not promoted. (Second Amended Complaint, Filing No. 24, ¶¶ 20–29). Schreiber concluded that her sex was a motivating factor in the Defendants' decision not to promote her to the positions she sought, and she filed charges of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC") in August and November of 2004. (*Id.* ¶ 31). In 2005, Schreiber again applied for promotions to the rank of lieutenant, and was not promoted. (*Id.* ¶¶ 34–39). Schreiber concluded that her sex was again a motivating factor in the Defendants' decision not to promote her to the positions she sought, and that the Defendants had denied her the promotions in retaliation for her filing of charges with the NEOC and EEOC. (*Id.* ¶¶ 32,

34–39). Schreiber exhausted her administrative remedies (*id.* ¶¶ 7–13), and filed this action, seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (*id.* ¶¶ 42–54). Schreiber alleges that less-qualified male applicants were promoted to the positions she sought, except in one instance when no one attained a promotion. (*Id.* ¶¶ 25–38).

The Defendants assert that "[a] promotion is predicated upon how an individual interviews. This includes posture, ability to answer questions concisely, ability to relate work experiences, and an understanding of what is needed for that specific position." (Defendants' Brief, Filing No. 70, p. 32). The Defendants' brief and evidence in support of the Motion for Summary Judgment demonstrate that Schreiber was interviewed by a panel of State Patrol employees each time she sought promotion, and that the panel members gave Schreiber and other applicants numerical scores based on the perceived quality of answers to questions asked by the panel. The scoring of applicants by panel members was admittedly subjective, weighing such factors as the candidates' apparent leadership capacity, work ethic, tone, posture, presentation, and confidence. One or more panel members perceived that Schreiber exhibited a degree of arrogance, conveyed a negative feeling, failed to "sell" herself, or simply was not the right person for the job. (*Id.*, pp. 2–28).

Schreiber has countered the Defendants' motion with evidence of her objective qualifications, such as her educational degrees, her training and work experience, her performance evaluations, and her written examinations for the lieutenant position. (Deposition of Carla J. Schreiber, Filing No. 77-11). She has also produced the testimony of Nebraska State Patrol Colonel Thomas E. Nesbitt that, in his opinion, the reasons

proffered by panel members for not referring Schreiber for promotion "were lame; they were not reasons why someone was not recommended." (Deposition of Thomas E. Nesbitt, Filing No. 77-10, 96:7–8). Nesbitt stated, "I was just under the impression that, for some reason, that these folks didn't like Schreiber. . . . I never could grasp why that she would not be recommended for promotion, other than the fact that, that these folks knew that, that I thought she was more than qualified to be a lieutenant. . . . And she had the qualifications for it. " (*Id.*, 97:7–24). "I just could not understand what she had done that, that why she wouldn't be recommended. . . . and as I said earlier, the reasons of, of what they told me were just not acceptable . . . ." (*Id.*, 98:14–18). "Q: You would have promoted her? A: Yes." (*Id.*, 99:7–8).

Schreiber's brief and evidence focus on the theory that the subjectivity of the State Patrol's interview process facilitates discrimination against women seeking promotions. Schreiber supports her theory with proposed expert testimony and statistical data. Schreiber urges the Court to infer sex discrimination on the part of the Defendants based on the alleged under-representation of women in the various divisions of the State Patrol. (Plaintiff's Brief, Filing No. 76, pp. 66–71; Affidavit of Jose Soto, Filing No. 77-3, ¶¶ 12–13).

Absent from the briefs and evidence submitted by both parties is any concrete comparison of Schreiber's objective qualifications for promotion with the objective qualifications of the male employees who achieved promotion.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005)).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to

4

secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

**Discrimination**

A plaintiff may prove discrimination in a Title VII claim in two ways: with "direct evidence . . . showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action," or "by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

Schreiber has not presented direct evidence of conduct or statements by panel members showing that they failed to recommend her for promotion based on her sex, and, therefore, the three-step, burden-shifting *McDonnell Douglas* framework applies. Using that framework, Schreiber first must establish a prima facie case of sex discrimination. She must show: membership in a protected group, qualification and application for an available position, rejection, and promotion of an employee similarly situated but not a member of the protected group. *Peterson v. Scott County,* 406 F.3d 515, 521–22 (8th Cir. 2005). At the prima facie stage, the plaintiff's burden is not onerous. *Id.* at 522 (citing *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004)). If Schreiber makes a prima facie showing, the Defendants must proffer a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 521 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253

5

(1981)). If the Defendants proffer such a reason, then Schreiber has the opportunity to demonstrate that "the defendant[s'] proffered reasons are in fact a mere pretext for unlawful discrimination." *Id.* (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516–17 (1993)). "On summary judgment the plaintiff need only present evidence sufficient to raise genuine doubt as to the legitimacy of the defendant's motives." *Id.* at 522 (citing *O'Bryan v. KTIV Television*, 64 F.3d 1188, 1192 (8th Cir. 1995)).

Schreiber has met her burden of presenting a prima facie case of discrimination, for purposes of the pending motion for summary judgment. She has shown that she is a member of a protected group; that she applied for available positions on or about April 4, 2004, June 5, 2005, and August 5, 2005; that she was qualified for the positions;[1] that she was rejected for the promotions; and that similarly situated employees[2] who were not members of the protected group received the promotions instead.[3]

---

[1] Although the Defendants acknowledge that Schreiber met all the objective qualifications to be eligible for the promotions in question, they argue that Schreiber was not "qualified," because she did not perform well in her interviews in comparison to other applicants. "The issue isn't so much the qualifications we're looking for; the issue is the best fit for that position . . . in that location at that time." (Defendants' Brief, Filing No. 70, p. 32 (quoting Deposition of Arlan Anderson, Filing No. 82-3, 214:9–11)). I find the Defendants' argument unpersuasive.

[2] As noted earlier in this memorandum, neither Schreiber nor the Defendants have provided evidence regarding how the objective qualifications of the successful male applicants compared with Schreiber's objective qualifications. Nevertheless, I find that Schreiber has met her burden with respect to this element of her prima facie case by showing that the Defendants selected male applicants for promotion instead of Schreiber. The Plaintiff's burden of showing that she is similarly situated to other employees is "not onerous." *Peterson*, 406 F.3d at 522.

[3] With respect to Schreiber's application for promotion in June 2004, no one was promoted. (Second Amended Complaint, Filing No. 24, ¶ 28). With respect to her re-application for promotion in September 2004, it is unclear whether the position was filled. (*Id.*, ¶ 29–30). Schreiber has not met her burden of showing a prima facie case with respect to those denials of promotion, although the facts surrounding those applications for promotion may have some relevance to Schreiber's claims.

6

The Defendants have proffered nondiscriminatory reasons why Schreiber did not receive the promotions in question, *i.e.*, State Patrol employees serving as panel members for the purpose of interviewing candidates for promotion concluded that other applicants interviewed better than Schreiber.  Schreiber may survive summary judgment, however, if she has raised a genuine issue of material fact as to whether the Defendants' proffered reasons for their action were a pretext for discrimination.  *Peterson*, 406 F.3d at 521.

The testimony of the highest-ranking officer in the Nebraska State Patrol, Colonel Nesbitt, to the effect that the panel members' reasons for not referring Schreiber for promotion were "lame" and "not acceptable," and that Schreiber was "more than qualified" for promotion, along with statistical data presented by Schreiber regarding alleged under-representation of women in the Nebraska State Patrol protective service positions compared with allegedly comparable law enforcement agencies,[4] satisfies Schreiber's burden of raising a "genuine doubt as to the legitimacy of the defendant[s'] motives," permitting her cause of action to survive summary judgment.  *Id.* at 522.

**Retaliation**

"To establish a prima facie case of retaliation, a plaintiff must show that she engaged in statutorily protected activity, suffered an adverse employment action, and that there was a causal connection between the adverse employment action and the protected activity." *Id.* at 524 (citing *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998); *Stevens v. St. Louis Univ. Med. Ctr.*, 97 F.3d 268, 270–71 (8th Cir. 1996)).  "A defendant must present evidence of a legitimate, non-retaliatory reason for its action to rebut the

---

[4] Affidavit of Jose Soto, Filing No. 77-3, ¶¶ 12–13.

plaintiff's prima facie case. The plaintiff must then show that the defendant's proffered reason was a pretext for retaliation." *Id.*

Schreiber's filing of her NEOC/EEOC complaints in 2004 were protected activities, and the Defendants' failures to promote Schreiber when she applied for promotions in 2005 were adverse employment actions. Because Schreiber has met her burden of demonstrating that genuine issues of material fact remain regarding whether the Defendants' proffered reasons for failing to promote her in 2005 were pretextual, the Defendants' motion for summary judgment on Schreiber's retaliation claims will also be denied.

## CONCLUSION

With respect to Schreiber's claims of sex discrimination and retaliation, she has made her prima facie showings to support her causes of action, and she has countered the Defendants' proffered nondiscriminatory reasons for their actions with sufficient evidence of pretext to demonstrate the existence of genuine issues of material fact for trial.

IT IS ORDERED:

1.  The Defendants' Motion for Summary Judgment, Filing No. 69, is denied.

Dated this 1st day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

8