IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | Case No. 8:05CV537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OBJECTIONS TO PLAINTIFF'S** |
| vs. | ) | **JURY INSTRUCTIONS** |
| | ) | |
| STATE OF NEBRASKA, and THE | ) | |
| NEBRASKA STATE PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Defendants, State of Nebraska and the Nebraska State Patrol (Defendants) and submits the following Objections to Plaintiff's Jury Instructions.

The first objection is to the instruction that appears on page 6 of 18 and bears no title. The first element contains no definition as to what "treated the Plaintiff differently" means. The mere fact that the Plaintiff was treated differently does not constitute discrimination. Plaintiff could well have been treated favorably, such as being permitted to receive a lateral transfer even though she did not grade out the highest.

The second element of the instruction references specific examples of work performance which do not necessarily reflect discrimination. The entire instruction is erroneous and should not be given.

The next objection is to the instruction entitled Spoliation/Destruction that appears on page 9 of 18. Defendants would object on the basis that this instruction does not relate to when any document may have been destroyed. Was it destroyed in the normal course of business? Were the documents destroyed prior to the commencement of this lawsuit? If so, then no inference can be made with respect to favorability and the instruction is improper.

The next instruction objected to is that entitled Nebraska Law: Records Retention that appears on page 10 of 18. That so called instruction is nothing more than a recitation of the Nebraska Statutes and does not provide the jury with any instructions.

The next instruction that Defendants would object to is the one entitled Nebraska Law: Affirmative Action which appears on page 11 through 14 of 18 and merely recites Affirmative Action Statutes. This is irrelevant as Plaintiff has not alleged an affirmative action cause of action in her complaint. The complaint alleges disparate treatment of the Plaintiff and centers on whether or not the Plaintiff was in fact discriminated against. Such jury instructions would not only be confusing but misleading.

The last jury instruction to which Defendants would object is the one entitled Judicial Notice of Federal Regulations appearing on page 15 through 17 of 18 pages. Again, this deals with disparate impact. Plaintiff has not plead disparate impact and in fact this court has precluded the Plaintiff from amending their complaint to include this claim. For that reason this jury instruction is misleading and should also be stricken.

DATED this 4th day of January, 2007.

>                STATE OF NEBRASKA and NEBRASKA
>                STATE PATROL, Defendants,
>
> BY:    JON BRUNING, #20351
>        Attorney General
>
> BY:    s/Frederick J. Coffman
>        Frederick J. Coffman, #10725
>        Assistant Attorney General
>        Kevin K. Stephenson, #23487
>        Assistant Attorney General
>        2115 State Capitol
>        Lincoln, NE 68509
>        (402) 471-2682
>        fred.coffman@ago.ne.gov
> Attorneys for Defendants.

## CERTIFICATE OF SERVICE

It is hereby certified that on January 4, 2007 the foregoing Objections to Plaintiff's Jury Instructions were electronically filed with the Clerk of the Court using the CM/ECF system who will send notification to Vincent Valentino and Terri M. Weeks.

                                                      s/Frederick J. Coffman
                                                    Frederick J. Coffman
                                                    Assistant Attorney General

54-107-04