```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | CASE NO. 8:05CV537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | JURY INSTRUCTIONS |
| | ) | |
| STATE OF NEBRASKA, and THE | ) | |
| NEBRASKA STATE PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.

**INSTRUCTION NO. 2**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 4**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance, or the greater weight, of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 5**

Your verdict must be for the Plaintiff Carla Schreiber and against the Defendants, State of Nebraska and the Nebraska State Patrol, on the Plaintiff's claim of sex discrimination if all of the following elements have been proved by the preponderance or greater weight of the evidence.

1. First, the Nebraska State Patrol failed to promote Carla Schreiber in at least one of the following:

    Traffic Services Lieutenant in Troop B in May 2004;

    Lieutenant in Troop B in the Investigative Services Division in August 2004;

    Lieutenant in Troop B in the Investigative Services Division in October 2004;

    Executive Protection Lieutenant in July 2005; or

    Internal Affairs Lieutenant in August 2005;

and

2. Carla Schreiber's sex was a motivating factor in the Nebraska State Patrol's decision not to promote her.

If either of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for the Defendants, and you need not proceed further on this claim.

# INSTRUCTION NO. 6

As used in these Instructions, Carla Schreiber's sex was a "motivating factor" if her sex played a part in the Nebraska State Patrol's decision not to promote her. However, Carla Schreiber's sex need not have been the only reason for the Defendant's decision not to promote her.

# INSTRUCTION NO. 7

If you find in favor of Carla Schreiber on her claim of sex discrimination as set out in Instruction No. 5, then you must answer the following question on the verdict form:

Has it been proved by the preponderance of the evidence that Defendant Nebraska State Patrol would not have promoted Carla Schreiber regardless of her sex?

**INSTRUCTION NO. 8**

You may not return a verdict for Carla Schreiber just because you might disagree with the Nebraska State Patrol's decision or believe it to be harsh or unreasonable.

# INSTRUCTION NO. 9

Your verdict must be for Carla Schreiber and against the Nebraska State Patrol on her retaliation claim if all of the following elements have been proved by the preponderance of the evidence:

First, Carla Schreiber filed a charge of sex discrimination against the Nebraska State Patrol;

Second, the Nebraska State Patrol decided not to promote Schreiber after the date the charge of discrimination was filed by Schreiber; and

Third, Schreiber's filing of a charge of sex discrimination was a motivating factor in the Nebraska State Patrol's decision not to promote her in connection with at least one of the following: to Lieutenant in Troop B in the Investigative Services Division in October 2004; to Executive Protection Lieutenant in July 2005; or to Internal Affairs Lieutenant in August 2005.

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for the Defendants and you need not proceed further in considering this claim. In addition, your verdict must be for the Defendants if it has been proved by the preponderance of the evidence that the Nebraska State Patrol would have refused to promote Carla Schreiber even if she had not filed a charge of sex discrimination. You may find that Carla Schreiber's filing of a charge of sex discrimination was a motivating factor in the Nebraska State Patrol's decision if it has been proved by the preponderance of the evidence that the Nebraska State Patrol's stated reasons for refusing to promote Carla Schreiber are a pretext to hide retaliation.

# INSTRUCTION NO. 10

If you find in favor of Carla Schreiber under Instruction No. 5 (and if you answer "no" to the question posed in Instruction No. 7), and/or if you find in favor of Carla Schreiber under Instruction No. 9, then you must award Carla Schreiber such sum as you find by the preponderance of the evidence will fairly and justly compensate her for any damages you find that she has sustained as a direct result of the Nebraska State Patrol's decision not to promote her. Carla Schreiber's claim for damages includes distinct types of damages and you must consider them separately.

*First*, you must determine the amount of any wages and fringe benefits Carla Schreiber would have earned in her employment with the Nebraska State Patrol had she been promoted, from the date that the promotion would have taken effect through the date of your verdict, *minus,* the amount of earnings and benefits that she received from her employment with the Nebraska State Patrol and from any other employment she maintained during that time that she could not have maintained if she had been promoted.

*Second*, you must determine the amount of any other damages sustained by Carla Schreiber, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

You must enter separate amounts for these two categories of damages on the verdict form, and you must not include the same damages in more than one category.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.

**INSTRUCTION NO. 11**

If you find in favor of Carla Schreiber under Instruction No. 5 (and if you answer "no" to the question posed in Instruction No. 7), and/or if you find in favor of Carla Schreiber under Instruction No. 9, but you find that Carla Schreiber's damages have no monetary value, then you must return a verdict for Carla Schreiber in the nominal amount of One Dollar ($1).

**INSTRUCTION NO. 12**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and telephone my chambers to inform me that you have reached a verdict.