IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLA J. SCHREIBER, | ) | CASE NO. 8:05CV537 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | AWARDING ATTORNEYS' FEES |
| STATE OF NEBRASKA, and THE | ) | |
| NEBRASKA STATE PATROL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the application for attorney's fees filed by the Plaintiff, Carla J. Schreiber. The Defendants acknowledge Schreiber's right to an award of a reasonable attorney fee as a prevailing party under 42 U.S.C. § 1988, but the Defendants dispute the reasonableness of the amount that Plaintiff seeks. "To be a prevailing party, [plaintiff] must 'succeed on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.'" *Forest Park II v. Hadley*, 408 F.3d 1052, 1059 (8th Cir. 2005) (*quoting Farrar v. Hobby,* 506 U.S. 103, 109 (1992)). The Court finds that Schreiber's success on her claims of sex discrimination and retaliation, as reflected in the jury's verdict, the award of damages, and the Plaintiff's success in compelling a promotion and front pay damages, leaves no room to doubt that she is the prevailing party.

**Procedural Background**

On May 14, 2007, a jury returned a verdict in favor of Schreiber on her claim that the Nebraska State Patrol had denied her promotions on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, and in retaliation for her filing charges of sex discrimination, and the jury awarded her damages against the Defendants in the amount of $69,885. On May 24, 2007, before the Plaintiff's motion to compel a promotion or for front pay had been resolved and before entry of judgment, Schreiber filed

her first application for attorney fees, which was supported by a brief and an index and supplemental index of evidence. (Filing Nos. 196-199).  On June 8, after entry of Judgment, Plaintiff filed a second Application for Attorney Fees supported by a brief and evidence.  (Filing No. 211-13).  The first Application at Filing No. 196 will be denied as premature, and the post-judgment Application at Filing No. 211 will be considered by the Court. The Plaintiff's Reply Brief and supporting evidence, where are permitted under the local rules, have been considered. (Filing Nos. 217-18).

The Defendants filed a brief and evidence in opposition to the post-judgment application for attorney fees, and a sur-reply brief in opposition to the application. (Filing Nos. 215, 216, 219).  Plaintiff filed a motion to strike the sur-reply brief, which will be granted, because sur-reply briefs are not permitted without leave of the Court. (Filing No. 220-21).

### Lodestar Method for Calculating an Award of Fees

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002).

### Hours Reasonably Expended

The first part of the lodestar calculation is based on the hours reasonably expended on the case.  "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work." *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D.Neb. 2000).  "In the private sector, 'billing judgment' is an important

component in fee setting . . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) *quoting Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in original).[1]

Weeks claims that she reasonably expended 384.05 hours[2] on this action, after exercising her billing judgment and making deductions based on duplication of efforts. Valentino claims that he expended 499.3 hours,[3] all of which are reasonable. These hours were recorded over a 20-month period from October 2005 through June 2007, which averages out to an expenditure of approximately 19 hours per month for Weeks and 25 hours per month for Valentino.

The Defendants propose that the reasonable billable hours for Weeks should be reduced by approximately 60 hours and that Valentino's hours should be reduced by approximately 140 hours based on several objections. The Defendants object to the reasonableness of the time that the Plaintiffs spent on distinct projects, including, for example, working on amendments to the Complaint, particularly the preparation of a third

---

[1] Before *Hensley*, the so-called "*Johnson* factors" were the courts' primary guide in formulating awards. This Court has recognized that the Johnson factors should be considered as they bear on the calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir. 1974). I have considered these factors in my analysis.

[2] 379.15 hours claimed in initial Weeks affidavit (Filing No. 212, Ex. B) plus an additional 4.9 from her supplemental affidavit (Filing No. 212, Ex. I).

[3] 493.6 claimed in initial Valentino affidavit (Filing No. 212, Ex. C), plus an additional 5.7 hours from his supplemental affidavit (Filing No. 212, Ex. J).

amended complaint that was not permitted by the Court; working with expert witnesses Jose Soto and David Rosenbaum given that neither witness testified at trial based on the Court's ruling on the Defendants' *Daubert*-styled motion in limine to exclude Soto; conducting legal research the purpose of which was not described; and redundant or "cluster" billing by Valentino where, the Defendants argue, the description of the entries lack sufficient detail or explanation. Defendants also object to what they allege is a duplication of effort by and between Valentino and Weeks because both attorneys attended key depositions and both were involved in deposition preparation.

    I have carefully considered the Defendants' objections to the reasonableness of the hours, and I find that there are two areas in which the hours accumulated are not reasonable. First, I conclude that the number of hours that the Plaintiff spent preparing a third amended complaint based on a disparate impact theory, which was not permitted, should be excluded. Since multiple descriptions are included in these entries, I will deduct 5 hours from Weeks's time and 8 hours from Valentino's time for this work. Second, I conclude that the hours that the attorneys spent working with the proposed expert witnesses, Jose Soto and David Rosenbaum, should be excluded. Soto was excluded from testifying at trial based on the Defendants' motion in limine, and therefore, Rosenbaum, who was retained as a rebuttal expert, was not called during the trial. Although Soto's affidavit was referenced in the Memorandum and Order denying the Defendants' motion for summary judgment, the Court took care to state that it was the statistical *data* that were relevant to the pretext issue, and not any opinion put forward by Soto. Defendants assert that Valentino billed approximately 53 hours for work with Soto and Rosenbaum, and Weeks billed approximately 11 hours for work with the proposed

experts, which I find to be roughly accurate. Based on the deductions for the work on the proposed third amended complaint and the proposed experts, I find that the hours reasonably expended by Weeks were 368.05 and by Valentino were 438.3.[4]

### Reasonableness of the Hourly Rates

In considering the reasonableness of the second part of the equation, the reasonableness of the hourly rates, "district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005) (citing *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2004)). Schreiber has requested an award based on an hourly rate of $ 225.00 for Valentino and $200.00 for Weeks. In support of the reasonableness of those rates, Schreiber has filed affidavits from attorneys who possess expertise in the substantive practice area of civil rights litigation and who are practicing in the same geographical area, all of whom attest to the reasonableness of the hourly rates claimed by Valentino and Weeks. (Filing No. 212, Affidavits of Richard Boucher, Exs. D and F; Kathleen Neary, Ex E; and Vince Powers, Ex. G). Valentino and Weeks have also provided affidavits in which they recount their experience and the basis for the hourly rates claimed by them. (Filing No. 212, Exs. I and J; Filing No. 217, Exs. K and L).

The Defendants object to the hourly rate claimed by the attorneys on several grounds, and they contend that a reasonable rate for the Plaintiff's attorneys' time is $155 per hour. The Defendants note that neither attorney has stated that his or her claimed rate is the usual and customary rate that charged for these types of cases, and that this

---

[4] For Weeks: 384.05 hours less 16 hours is 368.05 hours; and for Valentino: 499.3 hours less 61 hours is 438.3 hours.

omission indicates that their fees may be inflated or unreasonable. Valentino's and Weeks's supplemental affidavits address this issue. Weeks has been practicing law since 1988, and, since that time, she has been practicing in the area of state and federal civil rights litigation. Since 1997, she has practiced in the area of employment law. She explained that she has practiced in the area of family law only since 2004. (Filing No. 217, Ex. K at ¶ 2). Valentino is a 1974 law school graduate who has litigated several employment and labor cases in state and federal courts. He states that he charges plaintiff clients from $200 to $225 per hour for federal court Title VII trial matters in which opposing litigants have refused to make settlement offers and all attempts at mediation have failed. Valentino explained that his rates vary depending on the type of litigation, the jurisdiction of the case, the complexity of it, the need to set other business aside to take on a case, the litigation risks involved, and the parties, issues and witnesses involved in the case. (Filing No. 217, Ex. L, ¶1). Valentino also stated that the reason he asked Weeks to be co-counsel in this case was her experience in civil rights and employment litigation. (*Id.* ¶ 2).

The Defendants argue that there is good reason to lower Weeks's hourly rate. Characterizing her work in this case as second-chairing, the Defendants argue that it appears Weeks is enriching herself at the expense of taxpayers by charging for duplicated effort and charging an inflated hourly rate. The Court rejects the Defendants' characterization of Weeks's participation in this case as "second-chairing." Weeks and Valentino represented Schreiber as co-counsel, as is demonstrated by the division of labor between them, including the examination of witnesses and argument to the Court. I acknowledge the Defendants' argument that both Weeks and Valentino were not required

to participate in the preparation of witnesses for depositions and the depositions themselves. There was good reason for both counsel to have been present during witnesses' preparation, however, including development of case strategy and trial preparation. While the Court ordinarily would doubt the need for two experienced trial attorneys to attend all depositions, in this case, as Weeks and Valentino explained, they divided the substantive areas of questioning and each served a purpose in attending. Moreover, I find it significant that Defendants' counsel did not object to this procedure when it occurred.

I also reject the Defendants' argument that Weeks has inflated her hourly rate. Weeks states in her brief that she seeks compensation at her current rate of $200, in part, to make up for bearing the delay in receiving compensation for this case. While I reject the idea that *any enhancement* to the hourly rate is appropriate to make up for counsel's purported delay in being paid,[5] I find no evidence that Weeks has inflated her hourly rate or has "gouged" the taxpayers. The Defendants argue that Weeks's hourly rate should be decreased based on proof, contained in the Barton affidavit, that she sought an hourly rate of $145 for work performed in 2004, and $155 for work performed in 2005, in connection with a state court action. (Filing No. 216, Ex. G, Barton Affidavit.) The Barton affidavit states exactly that, but the evidence is only slightly relevant given the fact that Weeks was representing a party in a marital dissolution case in Lancaster County, Nebraska. As Weeks explained in her supplemental affidavit, she first began practicing in the area of

---

[5] This case was filed in mid-2005. Judgment was entered in May 2007. This two year time frame is not the burdensome delay that sometimes warrants an enhancement to the rate.

7

family law in 2004. Her relatively limited experience in the area of family law is reflected in her 2004 and 2005 rates contained in Barton's affidavit, but her limited experience in family law at the time must be compared to the eighteen years of experience that she has in the area of civil rights litigation as described in her Affidavit at Filing No. 217. I conclude that $200 per hour for Weeks and $225 per hour for Valentino are reasonable rates given their level of experience in the substantive practice area and their work on this case.

### Calculation

"The most critical factor in assessing fees is the degree of success obtained. *Hensley,* 461 U.S. at 436." *Fish,* 295 F.3d at 852. Schreiber's attorneys succeeded on all claims, and they obtained for their client every manner of relief that she requested. Thus, according to the lodestar method, the reasonable fee for Plaintiff's attorneys are:

Weeks      368.05 hours x $200 per hour (less $460 for the erroneous May 16, 2007 entry as explained in filing no. 212, Ex. I)  = $ 73,150.00

Valentino   438.3 hours x $225 per hour = $98,617.50.

A court must also consider whether an enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-04 (8th Cir. 1996). I find no reason to either enhance or reduce this award.

### Non-taxable Expenses

I conclude that the non-taxable expenses sought by Weeks, primarily to reimburse travel and parking expenses, in the amount of $631.80 should be awarded. Valentino seeks roughly $1,900 in non-taxable expenses. I will award seventy-five percent of that request for a total of $1,425. The reduction is primarily for the postage expense that he claims. This Court has held that postage is usually considered to be part of firm overhead

expense unless shown to be extraordinary. *See also Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). I have also included a small reduction for copies based on failure to describe the purpose of the copies, but also acknowledging that there is no genuine dispute that there was a significant amount of documentary discovery exchanged in this case, and that Weeks's office did not charge, at all, for copies.

For all these reasons,

IT IS ORDERED:

1. The first-filed Application for an Award of Attorneys' Fees (Filing No. 196) is denied as premature;

2. The Motion to Strike Defendants' Sur-rebuttal Brief (Filing No. 220) is granted; the Brief at Filling No. 219 was not considered; and

3. The Plaintiff's Application for an Award of Attorneys' Fees and Non-Taxable Costs (Filing No. 211) is granted as follows:

   a. Plaintiff is entitled to an award of attorneys' fees in total amount of $171,767.50, divided between counsel for the Plaintiff as follows:

      $ 98,617.50 to Vincent Valentino; and

      $ 73,150.00 to Terri Weeks; and

   b. Plaintiff is entitled to reimbursement of her non-taxable expenses in the total amount of $2,056.80, representing $1,425 claimed by Vincent Valentino and $631.80 claimed by Weeks.

DATED this 10th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge